# IN THE UNITED STATE DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **Jason M. Davis et al.,** | : | |
| Plaintiffs, | : | Case No.: 3:21-cv-139 |
| v. | : | Judge: |
| **Clayton D. Smoot, et al.,** | : | Magistrate Judge: |
| Defendants. | : | |

## NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

Please take note that Defendants Cassens Transport Company and Clayton D. Smoot (together "Defendants"), by and through their undersigned counsel, hereby remove the above-captioned action from the Court of Common Pleas, Montgomery County, Ohio, in which it is now pending, to the United States District Court for the Southern District of Ohio, pursuant to 28 U.S.C. §§ 1332 and 1441 et seq. Pursuant to 28 U.S.C. § 1446(a), set forth below is statement of the grounds for removal, and attached hereto is a copy of all process and pleadings served to date in this case.

**I.  PROCEDURAL HISTORY:**

1. On April 15, 2021, Plaintiffs Jason M. Davis and Justin A. Davis (together "Plaintiffs"), filed this action, captioned *Jason M. Davis et. al. v. Clayton D. Smoot, et. al,* Case No. 2021 CV 01528 in the Montgomery County Court of Common Pleas, Ohio (the "Action"). A true and correct copy of Plaintiffs' Summons and Complaint is attached hereto as "Exhibit A."

2. Service of the Summons and Complaint was completed upon Defendants Clayton D. Smoot ("Smoot"), Cassens Transport Company ("Cassens") and Geico Secure

Insurance Company ("Geico") on April 19, 2021. (See copy of Docket, attached hereto as "Exhibit B").

3. The Complaint alleges that the Plaintiffs sustained injuries and damages resulting from a motor vehicle collision which occurred on April 16, 2019, while traveling in a 200 Chevrolet Malibu on I-75 in Moraine, Montgomery County, Ohio. Plaintiffs allege that a tractor/trailer owned by Cassens and operated by Smoot attempted to change lanes and struck Plaintiff's vehicle.

4. Defendants have not yet filed an Answer or other responsive pleading to the Complaint.

5. The undersigned counsel have been retained to represent all named Defendants except Geico in this action.

## II. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6. Pursuant to 28 U.S.C. §1446(a), Defendants attached to this Notice of Removal a copy of all pleadings and the docket relative to this case. (See Exhibits A and B, attached hereto).

7. All Defendants that have been properly served consent to the removal of this action, pursuant to 28 U.S.C. §1446(b)(2)(A).

8. Promptly following the filing of this Notice of Removal, written notice of the removal of this action will be served on all parties' counsel, as required by 28 U.S.C. §1446(d).

9. A true and accurate copy of this Notice of Removal will also be promptly filed with the Montgomery County Court of Common Pleas, pursuant to 28 U.S.C. §1446(d).

10. No previous application has been made for the relief requested herein.

11. Venue for this action is proper in this Court under 28 U.S.C. §1441(a) because Montgomery County is located within the United States District Court for the Southern District of Ohio, Western Division (28 U.S.C. §115(b)(1)). Accordingly, the Southern District of Ohio, Western Division, is the "District and Division within which such action is pending." 28 U.S.C. §1441(a).

12. Plaintiffs filed this action in the Montgomery County Court of Common Pleas on or about April 15, 2021. (See Exhibit A). Defendants were served with the Complaint on April 19, 2021. (See Exhibit B). This Notice of Removal is timely pursuant to 28 U.S.C. §1446 because it is filed within thirty (30) days of service upon these Defendants.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. §1332(a).

13. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) because this is a civil action in which the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

**A. The Amount in Controversy Requirement is Satisfied.**

14. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15. Under 28 U.S.C. §1446, a "notice of removal may assert the amount in controversy if the initial pleading seeks. . . a money judgment, but the State practice. . . permits recovery of damages in excess of the amount demanded." 28 U.S.C. §1446(c)(2)(A)(ii). Moreover, a court must look to "the allegations and claims asserted in the Complaint together with the parties' evidentiary submissions," not merely whether the plaintiff requested amounts in excess of the state court's minimum jurisdictional limit, to determine whether the removing party has demonstrated that the amount in controversy

3

exceeds $75,000.00.  *Crooks v. State Farm Mut. Auto. Inc. Co.,* No. 2:15-CV-2234, 2015 WL 8602519, at *3 (S.D. Ohio Dec. 14, 2015, *Report and Recommendation adopted,* no. 2:15-cv-2234, 2016 WL 6808278 (S.D. Ohio Feb. 18, 2016)(denying plaintiff's motion to remand) citing *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 551, 190 L.Ed. 2d 495 (2014)).

16. Plaintiffs' Complaint alleges that Plaintiffs were injured as result of the accident on April 16, 2019, and that both Plaintiffs "sustained personal injury. . . . substantial and prolonged pain, suffering, and permanent disability, disfigurement, loss of enjoyment of life and capacity for the enjoyment of life, loss of income and the ability to earn an income, reasonable and customary expenses for reasonable and medically necessary treatment , care and/or services . . . and severe emotional distress." (Complaint, ¶¶16, 19).

17. Given Plaintiffs' allegations, it is evident that the amount in controversy exceeds $75,000.00.  See *Crooks,* 2015 WL 8602519, at *3 (Finding that plaintiffs' request for "compensatory damages for emotional distress, costs and expenses he sustained, including damages for having to undergo surgery" and punitive damages elevated the amount in controversy above $75,000.00).

**B.     Complete Diversity of Citizenship Exists Between the Parties.**

18. This case is between "citizens of different states."  28 U.S.C. §1332 (a).

19. At all times relevant hereto, Plaintiffs allege they were residents and citizens of the State of Ohio.  (See Complaint, ¶1, 2).

22. Defendant Smoot is a resident of the State of Illinois.  Id., ¶ 3.

4

23. Defendant Cassens is a Delaware corporation, incorporated under the laws of the State of Illinois, with its principal place of business in Illinois. Id., ¶ 4.

24. Defendant Geico is a Nebraska corporation, incorporated under the laws of the State of Nebraska, with its principal place of business in Maryland. Geico has been dismissed as a Defendant prior to removal. (See Ex. B).

25. Thus, there is complete diversity between the parties.

**VI. CONCLUSION**

26. The amount in controversy exceeds $75,000.00 and there is complete diversity amongst the parties, and this Notice of Removal is appropriate pursuant to 28 U.S.C. §1441(b).

27. Based on the foregoing, the Action may be removed to this Court as this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because: (1) the action is pending within the jurisdiction of this Court; (2) the action arises from a conflict between citizens of different states; (3) the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

28. No admissions of fault, law, or liability is intended by this Notice of Removal, and Defendants expressly reserve all defenses, counterclaims, and motions otherwise available to them.

WHEREFORE, Defendants hereby remove the above-captioned action from the Montgomery County Court of Common Pleas, to the United States District Court for the Southern District of Ohio, Western Division.

Respectfully submitted,

/s/ Christina L. Corl
Christina L. Corl, Esq.  (0067869)
Plunkett Cooney
300 E. Broad Street, Suite 590
Columbus, OH 43215
Tel: (614) 629.3018
Fax: (614: 629.3019
Email: CCorl@plunkettcooney.com
*Attorney for Defendants Smoot and Cassens Transport*

**CERTIFICATE OF SERVICE**

This will certify that the foregoing document was filed electronically with the Court on this

**4th day of May, 2021** day of May, 2021.  A copy was sent to the following parties of record:

David M. Frissora, Esq.
dave@frissoralaw.com
Rachel L. Ferrara, Esq.
Rachel@frissoralaw.com
Law Offices of Dave Frissora, LLC
4656 Executive Drive, Suite 201-B
Columbus, OH 43220
*Attorneys for Plaintiffs*

**/s/ Christina L. Corl**
Christina L. Corl, Esq.  (0067869)
Plunkett Cooney

Open.25686.12249.26298993-1

6