ELECTRONICALLY FILED
COURT OF COMMON PLEAS
THURSDAY, APRIL 15 2021 02:25:18 PM
CASE NUMBER: 2021 CV 01528 Docket ID: 35384222
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

**PLAINTIFF**

JASON M. DAVIS et al

**VS**

**DEFENDANT**

CLAYTON D. SMOOT et al

**CASE NUMBER**

2021 CV 01528

**ARTICLE NUMBER**

9414726699042181175466

**TO THE FOLLOWING NAMED DEFENDANT:**

CLAYTON D. SMOOT

220 PENNSYLVANIA DRIVE

WESTVILLE IL 61883

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**

JASON M. DAVIS

44 EAST SHANNON STREET

DAYTON, OH  45449

**PLAINTIFF ATTORNEY:**

RACHEL FERRARA

4656 EXECUTIVE DR

SUITE 201B

COLUMBUS, OH 43220

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.**  Your original **Answer** must be filed with the Clerk of Court's Office **within 3 days** after you serve the Plaintiff's attorney or Plaintiff.

Exhibit A

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov. If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff. If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



**/s/ MIKE FOLEY, ISSUED Thursday, April 15, 2021**
**MIKE FOLEY, CLERK**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

**RETURN OF SERVICE SUMMONS**

| PLAINTIFF | CASE NUMBER |
|---|---|
| JASON M. DAVIS et al | 2021 CV 01528 |

**VS**

| DEFENDANT | ARTICLE NUMBER |
|---|---|
| CLAYTON D. SMOOT et al | 9414726699042181175466 |

**TO THE FOLLOWING NAMED PARTY:**

CLAYTON D. SMOOT
220 PENNSYLVANIA DRIVE
WESTVILLE, IL 61883

### RETURN OF SERVICE(PERSONAL)

**FEES**

| | |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2021, at _____ o'clock _____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2021.

By _____

### RETURN OF SERVICE(RESIDENCE)

**FEES**

| | |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2021, at _____ o'clock _____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2021.

By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

**FEES**

| | |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2021, at _____ o'clock _____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons: _____

By _____

PAGE INTENTIONALLY LEFT BLANK

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

| **PLAINTIFF** | **CASE NUMBER** |
|---|---|
| JASON M. DAVIS et al | 2021 CV 01528 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| CLAYTON D. SMOOT et al | 9414726699042181175473 |

**TO THE FOLLOWING NAMED DEFENDANT:**

CASSENS TRANSPORT COMPANY

CO U.S. CORPORATION COMPANY

REGISTERED AGENT

COLUMBUS OH 43215

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**

JASON M. DAVIS

44 EAST SHANNON STREET

DAYTON, OH  45449

**PLAINTIFF ATTORNEY:**

RACHEL FERRARA

4656 EXECUTIVE DR

SUITE 201B

COLUMBUS, OH 43220

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.**  Your original **Answer** must be filed with the Clerk of Court's Office **within 3 days** after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov.  If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff.  If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



/s/ MIKE FOLEY, ISSUED Thursday, April 15, 2021
**MIKE FOLEY, CLERK**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

**RETURN OF SERVICE SUMMONS**

| | |
|---|---|
| **PLAINTIFF** | **CASE NUMBER** |
| JASON M. DAVIS et al | 2021 CV 01528 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| CLAYTON D. SMOOT et al | 9414726699042181175473 |

**TO THE FOLLOWING NAMED PARTY:**

CASSENS TRANSPORT COMPANY
CO U.S. CORPORATION COMPANY
REGISTERED AGENT
COLUMBUS, OH 43215

### RETURN OF SERVICE(PERSONAL)

**FEES**

SERVICE       $_____
MILEAGE          _____
TOTAL         $_____
DATE             _____

I received the document on _____, 2021, at _____ o'clock _____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2021.
By _____

### RETURN OF SERVICE(RESIDENCE)

**FEES**

SERVICE       $_____
MILEAGE          _____
TOTAL         $_____
DATE             _____

I received the document on _____, 2021, at _____ o'clock _____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2021.
By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

**FEES**

SERVICE       $_____
MILEAGE          _____
TOTAL         $_____
DATE             _____

I received the document on _____, 2021, at _____ o'clock _____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons:
_____
By _____

PAGE INTENTIONALLY LEFT BLANK

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

**PLAINTIFF**                                                    **CASE NUMBER**
JASON M. DAVIS et al                                            2021 CV 01528
**VS**
**DEFENDANT**                                                   **ARTICLE NUMBER**
CLAYTON D. SMOOT et al                              9414726699042181175480

**TO THE FOLLOWING NAMED DEFENDANT:**
GEICO SECURE INSURANCE COMPANY
1 GEICO CENTER
MACON GA 31295

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**
JASON M. DAVIS
44 EAST SHANNON STREET
DAYTON, OH 45449

**PLAINTIFF ATTORNEY:**
RACHEL FERRARA
4656 EXECUTIVE DR
SUITE 201B
COLUMBUS, OH 43220

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.** Your original **Answer**must be filed with the Clerk of Court's Office **within 3 days**after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov.  If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff.  If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



**/s/ MIKE FOLEY, ISSUED Thursday, April 15, 2021**

**MIKE FOLEY, CLERK**

**COURT OF COMMON PLEAS**

**MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

**RETURN OF SERVICE SUMMONS**

| | |
|---|---|
| **PLAINTIFF** | **CASE NUMBER** |
| JASON M. DAVIS et al | 2021 CV 01528 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| CLAYTON D. SMOOT et al | 9414726699042181175480 |

**TO THE FOLLOWING NAMED PARTY:**
GEICO SECURE INSURANCE COMPANY
1 GEICO CENTER
MACON, GA 31295

### RETURN OF SERVICE(PERSONAL)

**FEES**

SERVICE        $_____
MILEAGE          _____
TOTAL          $_____
DATE             _____

I received the document on _____, 2021, at _____ o'clock _____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2021.
By _____

### RETURN OF SERVICE(RESIDENCE)

**FEES**

SERVICE        $_____
MILEAGE          _____
TOTAL          $_____
DATE             _____

I received the document on _____, 2021, at _____ o'clock _____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2021.
By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

**FEES**

SERVICE        $_____
MILEAGE          _____
TOTAL          $_____
DATE             _____

I received the document on _____, 2021, at _____ o'clock _____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons:
_____
By _____

PAGE INTENTIONALLY LEFT BLANK

**COURT OF COMMON PLEAS**
**Thursday, April 15, 2021 11:38:10 AM**
**CASE NUMBER: 2021 CV 01528 Docket ID: 35384026**
**MIKE FOLEY**
**CLERK OF COURTS MONTGOMERY COUNTY OHIO**

## IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY, OHIO

JASON M. DAVIS
44 East Shannon Street
Dayton, Ohio 45449

and

JUSTIN A. DAVIS
44 East Shannon Street
Dayton, Ohio 45449

    Plaintiffs,

v.

CLAYTON D. SMOOT
220 Pennsylvania Drive
Westville, Illinois 61883

and

CASSENS TRANSPORT COMPANY
c/o U.S. Corporation Company,
Registered Agent
50 West Broad Street
Columbus, Ohio 43215

and

GEICO SECURE INSURANCE
COMPANY
1 Geico Center
Macon, Georgia 31295

and

CASE NO.: _____

JUDGE: _____

**COMPLAINT FOR PERSONAL INJURY
AND DECLARATORY JUDGMENT**

*JURY DEMAND ENDORSED HEREON*

1



**EXHIBIT**

**A**

JOHN DOES 1 THROUGH 5
Names Presently Unknown
Addresses Presently Unknown

              Defendants.

Now come Plaintiffs, Jason M. Davis and Justin A. Davis, by and through their undersigned counsel, and for their Complaint hereby states as follows:

## PARTIES

1.      At all times material hereto, Plaintiff, Jason M. Davis, is and was a resident and citizen of Dayton, Montgomery County, Ohio.

2.      At all times material hereto, Plaintiff, Justin A. Davis, is and was a resident and citizen of Dayton, Montgomery County, Ohio.

3.      At all times material hereto, Defendant, Clayton D. Smoot, is and was a resident and citizen of Westville, Vermilion County, Illinois.

4.      At all times material hereto, Defendant, Cassens Transport Company, is and was a corporation organized and existing under the laws of the State of Illinois and/or the laws of the State of Ohio, and licensed to do business in Moraine, Montgomery County, Ohio.

5.      At all times material hereto, Defendant, Geico Secure Insurance Company, is and was an insurance company licensed by the Ohio Department of Insurance to conduct business in Montgomery County, Ohio and which such business includes the sale of automobile insurance policies, including uninsured/underinsured motorists policies, in Montgomery County, Ohio.

6.      At all times material hereto, Defendants, John Does 1 through 5, are and were individuals and/or businesses, corporations, contractors, subcontractors, agents, employees and/or any other individual or entity whose names and addresses are not currently known to Plaintiffs, nor can they be reasonably ascertained, and Plaintiffs are, therefore, suing these

unknown Defendants under said fictitious names. When the true names of said Defendants, John Does 1 through 5, have been ascertained, Plaintiffs will seek leave to amend their Complaint accordingly.

7.     Plaintiffs have formed a belief that Defendants, John Does 1 through 5, are legally responsible, negligent, or in some other action or manner, liable for the events and occurrences hereinafter described, that said Defendants, John Does 1 through 5, proximately caused injuries and damages to Plaintiffs as set forth herein.

8.     Plaintiffs request that the Summons contain the words "name unknown" and agrees that Plaintiffs will, upon discovery of the identity of these individuals and/or entities, amend their Complaint accordingly as further required by Civ.R. 15(D) and thereafter shall cause a copy of said Amended Complaint to be personally served upon such Defendants so discovered.

## JURISDICTION AND VENUE

9.     The claims that are the subject of this Complaint caused tortious injury to Plaintiffs in Montgomery County, Ohio and/or arose out of Defendants' acts or omissions, business activities, and/or contractual obligations in Montgomery County, Ohio.

10.     Plaintiffs seek damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

11.     Jurisdiction and venue in this Court are proper pursuant to R.C. §1925.02(A)(1) and Civ.R. 3(B)(3).

## FACTS COMMON TO ALL CLAIMS

12.     On or about April 16, 2019, at approximately 9:43 p.m., Plaintiff, Jason M. Davis, was lawfully operating a 2000 Chevrolet Malibu (hereinafter the "Davis vehicle") with Plaintiff, Justin A. Davis, as an occupant therein in the clearly marked, far right lane of Interstate 75 South in Moraine, Montgomery County, Ohio.

3

13.     On or about April 16, 2019, at approximately 9:43 p.m., Defendant, Clayton D. Smoot, and/or Defendant, John Doe 1, operating a 2012 Volvo VAH registered to Defendant, Cassens Transport Company, and/or Defendant, John Doe 2, in the clearly marked, middle lane of Interstate 75 South and attempting to move to the clearly marked, far right lane of Interstate 75 South in Moraine, Montgomery County, Ohio.

## COUNT ONE – NEGLIGENCE CLAIM AGAINST DEFENDANT, CLAYTON D. SMOOT, AND/OR DEFENDANT, JOHN DOE 1

14.     Plaintiffs hereby incorporate Paragraphs 1 through 13 above as if fully restated herein.

15.     At the aforesaid time and place, Defendant, Clayton D. Smoot, and/or Defendant, John Doe 1, negligently, recklessly and unlawfully operated the aforementioned 2012 Volvo VAH by failing to drive within the single, clearly marked, middle lane of travel, attempting to move from the aforementioned clearly marked, middle lane of travel to the clearly marked, right lane of travel without first ascertaining said movement could be made with safety, and causing or permitting to cause the front end/front right side of the aforementioned 2012 Volvo VAH to strike the left rear door of the Davis vehicle as it was lawfully traveling within the clearly marked, far right lane of Interstate 75 South in Moraine, Montgomery County, Ohio, thereby causing the Davis vehicle to spin to the left side of the aforementioned roadway and further directly and proximately causing Plaintiffs, Jason M. Davis and Justin A. Davis, to sustain personal injury and other damages.

16.     As a direct and proximate result of the negligence of Defendant, Clayton D. Smoot, and/or Defendant, John Doe 1, Plaintiff, Jason M. Davis, sustained personal injury and other damages, including, without limitation, substantial and prolonged pain, suffering, and permanent disability, disfigurement, loss of enjoyment of life and capacity for the enjoyment of

life, loss of income and the ability to earn an income, reasonable and customary expenses for reasonable and medically necessary treatment, care, and/or services, loss of use of his vehicle, personal property damage, miscellaneous expenses, and severe emotional and mental distress.

17.     Because Plaintiff, Jason M. Davis', injuries are permanent, his pain, suffering, disability, disfigurement, loss of enjoyment of life, lost capacity for the enjoyment of life, loss of income, loss of ability to earn an income, medical expenses, and severe emotional and mental distress will continue into the future.

18.     As a direct and proximate result of the negligence of Defendant, Clayton D. Smoot, and/or Defendant, John Doe 1, Plaintiff, Justin A. Davis, sustained personal injury and other damages, including, without limitation, substantial and prolonged pain, suffering, and permanent disability, disfigurement, loss of enjoyment of life and capacity for the enjoyment of life, loss of income and the ability to earn an income, reasonable and customary expenses for reasonable and medically necessary treatment, care, and/or services, personal property damage, miscellaneous expenses, and severe emotional and mental distress.

19.     Because Plaintiff, Justin A. Davis', injuries are permanent, his pain, suffering, disability, disfigurement, loss of enjoyment of life, lost capacity for the enjoyment of life, loss of income, loss of ability to earn an income, medical expenses, and severe emotional and mental distress will continue into the future.

## COUNT TWO – NEGLIGENCE *PER SE* CLAIM AGAINST DEFENDANT, DEFENDANT, CLAYTON D. SMOOT, AND/OR DEFENDANT, JOHN DOE 1

20.     Plaintiffs hereby incorporate Paragraphs 1 through 19 above as if fully restated herein.

21.     On or about April 16, 2019, there existed in Moraine, Montgomery County, Ohio, several codes, laws, regulations and ordinances, including, without limitation, Codified

Ordinances of the City of Moraine, Ohio Sec. 331.08(a)(1) and R.C. 4511.33(A)(1), all of which were designed for the protection and safety of motorists and others using the roads and highways.

22.    Plaintiffs, Jason M. Davis and Justin A. Davis, came within the purview and protection of the aforesaid codes, laws, regulations and ordinances, including, without limitation, Codified Ordinances of the City of Moraine, Ohio Sec. 331.08(a)(1) and R.C. 4511.33(A)(1), by virtue of the fact that they were using the roads and highways in Moraine, Montgomery County, Ohio.

23.    Defendant, Clayton D. Smoot, and/or Defendant, John Doe 1, owed a lawful duty to Plaintiffs, Jason M. Davis and Justin A. Davis, and was obligated, as the operator of a motor vehicle in Moraine, Montgomery County, Ohio, to comply with the requirements of the aforesaid codes, laws, regulations and ordinances, including, without limitation, Codified Ordinances of the City of Moraine, Ohio Sec. 331.08(a)(1) and R.C. 4511.33(A)(1), which require, and are inclusive of, the duties described above, including, without limitation, the duty to drive a vehicle, as nearly as is practicable, entirely within a single, clearly marked lane or line of traffic and not moving from such clearly marked lane or line until ascertaining that such movement can be made with safety.

24.    Defendant, Clayton D. Smoot, and/or Defendant, John Doe 1, violated the aforesaid codes, laws, regulations and ordinances, including, without limitation, Codified Ordinances of the City of Moraine, Ohio Sec. 331.08(a)(1) and R.C. 4511.33(A)(1), by, among other things, acting without due regard for the safety of Plaintiffs, Jason M. Davis and Justin A. Davis, by failing to operate the aforementioned 2012 Volvo VAH within the single, clearly marked, middle lane of travel, attempting to move from the aforementioned clearly marked,

middle lane of travel to the clearly marked, right lane of travel without first ascertaining said movement could be made with safety, and causing or permitting to cause the front end/front right side of the aforementioned 2012 Volvo VAH to strike the left rear door of the Davis vehicle as it was lawfully traveling within the clearly marked, far right lane of Interstate 75 South in Moraine, Montgomery County, Ohio, thereby causing the Davis vehicle to spin to the left side of the aforementioned roadway.

26. The conduct of Defendant, Clayton D. Smoot, and/or Defendant, John Doe 1, in violating the aforesaid codes, laws, regulations and ordinances, including, without limitation, Codified Ordinances of the City of Moraine, Ohio Sec. 331.08(a)(1) and R.C. 4511.33(A)(1), was malicious, intentional, and/or in flagrant disregard of Plaintiffs, Jason M. Davis and Justin A. Davis', health and safety.

26. The conduct of Defendant, Clayton D. Smoot and/or Defendant, John Doe 1, in violating the aforesaid codes, laws, regulations and ordinances, including, without limitation, Codified Ordinances of the City of Moraine, Ohio Sec. 331.08(a)(1) and R.C. 4511.33(A)(1), constitutes negligence *per se*.

27. As a direct and proximate result of Defendant, Clayton D. Smoot, and/or Defendant, John Doe 1's, violation of the aforesaid codes, laws, regulations and ordinances, including, without limitation, Codified Ordinances of the City of Moraine, Ohio Sec. 331.08(a)(1) and R.C. 4511.33(A)(1), and Defendant, Clayton D. Smoot's, and/or Defendant, John Doe 1's, other conduct as stated herein, Plaintiff, Jason M. Davis, sustained personal injury and other damages, including, without limitation, substantial and prolonged pain, suffering, and permanent disability, disfigurement, loss of enjoyment of life and capacity for the enjoyment of life, loss of income and the ability to earn an income, reasonable and customary expenses for

reasonable and medically necessary treatment, care, and/or services, personal property damage, loss of the use of his vehicle, miscellaneous expenses, and severe emotional and mental distress.

28.　　Because Plaintiff, Jason M. Davis', injuries are permanent, his pain, suffering, disability, disfigurement, loss of enjoyment of life, lost capacity for the enjoyment of life, loss of income, loss of ability to earn an income, medical expenses, and severe emotional and mental distress will continue into the future.

29.　　As a direct and proximate result of Defendant, Clayton D. Smoot, and/or Defendant, John Doe 1's, violation of the aforesaid codes, laws, regulations and ordinances, including, without limitation, Codified Ordinances of the City of Moraine, Ohio Sec. 331.08(a)(1) and R.C. 4511.33(A)(1), and Defendant, Clayton D. Smoot's, and/or Defendant, John Doe 1's, other conduct as stated herein, Plaintiff, Justin A. Davis, sustained personal injury and other damages, including, without limitation, substantial and prolonged pain, suffering, and permanent disability, disfigurement, loss of enjoyment of life and capacity for the enjoyment of life, loss of income and the ability to earn an income, reasonable and customary expenses for reasonable and medically necessary treatment, care, and/or services, personal property damage, miscellaneous expenses, and severe emotional and mental distress.

30.　　Because Plaintiff, Justin A. Davis', injuries are permanent, his pain, suffering, disability, disfigurement, loss of enjoyment of life, lost capacity for the enjoyment of life, loss of income, loss of ability to earn an income, medical expenses, and severe emotional and mental distress will continue into the future.

## COUNT THREE – *RESPONDEAT SUPERIOR*/VICARIOUS LIABILITY CLAIM AGAINST DEFENDANT, CASSENS TRANSPORT COMPANY, AND/OR DEFENDANT, JOHN DOE 2

31.    Plaintiffs hereby incorporate Paragraphs 1 through 30 above as if fully restated herein.

32.    On or about April 16, 2019, at approximately 9:43 p.m., Defendant, Clayton D. Smoot, and/or Defendant, John Doe 1, was in the course and scope of his agency and/or employment relationship with Defendant, Cassens Transport Company, and/or Defendant, John Doe 2, while Defendant, Clayton D. Smoot, was negligently operating the aforementioned 2012 Volvo VAH in the clearly marked, middle lane of Interstate 75 South while attempting to move to the clearly marked, far right lane of Interstate 75 South in Moraine, Montgomery County, Ohio.

33.    By virtue of the doctrine of *respondeat superior* and the principles of vicarious liability, Defendant, Cassens Transport Company, and/or Defendant, John Doe 2, is responsible and liable for Plaintiffs, Jason M. Davis and Justin A. Davis', damages which were proximately caused by Defendant, Clayton D. Smoot's, and/or Defendant, John Doe 1's, negligence as previously set forth.

## COUNT FOUR – NEGLIGENT ENTRUSTMENT CLAIM AGAINST DEFENDANT, CASSENS TRANSPORT COMPANY, AND/OR DEFENDANT, JOHN DOE 2

34.    Plaintiffs hereby incorporate Paragraphs 1 through 33 above as if fully restated herein.

35.    On or about on or about April 16, 2019, at approximately 9:43 p.m., Defendant, Cassens Transport Company, and/or Defendant, John Doe 2, was the legal and registered owner of the aforementioned 2012 Volvo VAH which Defendant, Clayton D. Smoot, and/or Defendant, John Doe 1, was negligently operating the aforementioned 2012 Volvo VAH in the clearly

9

marked, middle lane of Interstate 75 South while attempting to move to the clearly marked, far right lane of Interstate 75 South in Moraine, Montgomery County, Ohio.

36.     Defendant, Cassens Transport Company, and/or Defendant, John Doe 2, negligently entrusted its aforementioned 2012 Volvo VAH to Defendant, Clayton D. Smoot, and/or Defendant, John Doe 1, because it knew or should have known that Defendant, Clayton D. Smoot, and/or Defendant, John Doe 1, was too inexperienced or otherwise incompetent to operate the aforementioned 2012 Volvo VAH and whose negligent operation of said motor vehicle in fact directly and proximately caused Plaintiffs, Jason M. Davis and Justin A. Davis, to sustain personal injury and other damages as previously set forth.

## COUNT FIVE – UNINSURED/UNDERINSURED MOTORISTS COVERAGE CLAIM AGAINST DEFENDANT, GEICO SECURE INSURANCE COMPANY

37.     Plaintiffs hereby incorporate Paragraphs 1 through 36 above as if fully restated herein.

38.     At all times relevant herein, Defendant, Geico Secure Insurance Company, (hereinafter "Geico"), for and in consideration of valuable premium paid and agreed to be paid by or on behalf of Plaintiffs, Jason M. Davis and Justin A. Davis, carried a policy of automobile insurance which provided uninsured/underinsured motorists coverage and other insurance coverages to Plaintiffs, Jason M. Davis and Justin A. Davis.

39.     On or about April 16, 2019, Plaintiffs, Jason M. Davis and Justin A. Davis, were each an "insured" under the definitions, terms, and conditions of the aforementioned Geico automobile insurance policy and said automobile insurance policy was in full force and effect at the time of the subject collision.  A copy of said Geico automobile insurance policy is not attached hereto because Plaintiffs are not in possession of same however a certified copy of said automobile insurance policy is in the possession of Defendant, Geico.

10

40.     At all times relevant herein, Defendant, Clayton D. Smoot, and/or Defendant John Doe 1, was the operator of an uninsured and/or underinsured motor vehicle, and was an "uninsured motorist", as those terms are defined by Plaintiffs' subject Geico automobile insurance policy and/or applicable Ohio statutory and common law including, without limitation, R.C. 3937.18(B)(1)-(5).

41.     At all times relevant herein, Defendant, Cassens Transport Company, Defendant, John Doe 2, was/were the legal and registered owner(s) of an uninsured and/or underinsured motor vehicle, and was/were an "uninsured motorist", as those terms are defined by Plaintiffs' subject Geico automobile insurance policy and/or applicable Ohio statutory and common law, including, without limitation, R.C. 3937.18(B)(1)-(5).

42.     On or about April 16, 2019, Plaintiffs, Jason M. Davis and Justin A. Davis, suffered a loss covered under the terms and conditions of said automobile insurance policy sold by Defendant, Geico.

43.     Plaintiffs, Jason M. Davis and Justin A. Davis, have complied with all material terms and conditions of, and have performed all conditions precedent to recover benefits under, their subject Geico automobile insurance policy.

44.     Defendant, Geico, is legally and contractually obligated, pursuant to the definitions, terms, and conditions of said automobile insurance policy, to pay to Plaintiffs, Jason M. Davis and Justin A. Davis, all coverages and benefits including, uninsured/underinsured motorists coverage for damages which Plaintiffs, Jason M. Davis and Justin A. Davis, are legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury and other damages Plaintiffs, Jason M. Davis and Justin A. Davis, sustained as a direct and

11

proximate result of the acts, failure to act, and/or negligence of Defendants, Clayton D. Smoot, Cassens Transport Company, and/or John Does 1 through 2.

45. Defendant, Geico, claims a lien, interest, right of subrogation and/or right of reimbursement in whatever amounts Plaintiffs, Jason M. Davis and Justin A. Davis, may be entitled to recover from Defendants, Clayton D. Smoot, Cassens Transport Company, and/or John Does 1 through 2, and/or any other source for the subject motor vehicle accident.

46. Defendant, Geico, does not possess a valid subrogation and/or reimbursement claim for damages which Plaintiffs, Jason M. Davis and Justin A. Davis, did not incur as a direct and proximate result of the subject motor vehicle collision.

47. Defendant, Geico, does not possess a valid subrogation and/or reimbursement claim for the non-economic harms and losses which Plaintiffs, Jason M. Davis and Justin A. Davis, incurred as a direct and proximate result of the subject motor vehicle collision.

48. Furthermore, to the extent that Defendant, Geico, provides the necessary proof that it is entitled to subrogation and/or reimbursement for damages paid to or on behalf of Plaintiffs, Jason M. Davis and Justin A. Davis, Defendant, Geico, is not entitled to recover any monies from any source until Plaintiffs, Jason M. Davis and Justin A. Davis, have been fully compensated for the injuries they incurred as direct and proximate result of the subject motor vehicle collision.

49. Pursuant to R.C. 2323.44, in the event Plaintiffs, Jason M. Davis and Justin A. Davis, are not fully compensated for the injuries they incurred as direct and proximate result of the subject motor vehicle collision, Defendant, Geico, has no claim against Plaintiffs, Jason M. Davis and Justin A. Davis, or any other party or entity, including Defendants, Clayton D. Smoot,

Cassens Transport Company, and/or John Does 1 through 2, and their respective liability insurance carriers.

50. Plaintiffs, Jason M. Davis and Justin A. Davis, dispute Defendant, Geico's, claim, if any, to subrogation and/or reimbursement, making Defendant, Geico, a real party in interest and/or a necessary party to these proceedings and, as a result of the foregoing, a justiciable controversy exists regarding what rights, if any, Defendant, Geico, has to any monies which Plaintiffs, Jason M. Davis and Justin A. Davis, may be able to recover as a result of the subject motor vehicle collision.

**WHEREFORE**, Plaintiffs, Jason M. Davis and Justin A. Davis, hereby demand judgment against Clayton D. Smoot, Cassens Transport Company, and John Does 1 through 2, jointly and severally, as follows:

A. As to Counts One and Two, judgment against Defendant, Clayton D. Smoot, and/or Defendant, John Doe 1, and in favor of Plaintiffs, Jason M. Davis and Justin A. Davis, each, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) as compensatory damages on each such Count, plus costs, fees and all other relief at law or equity which this Court deems appropriate;

B. As to Counts Three and Four, judgment against Defendant, Cassens Transport Company, and/or Defendant, John Doe 2, and in favor of Plaintiffs, Jason M. Davis and Justin A. Davis, each, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) as compensatory damages on each such Count, plus costs, fees and all other relief at law or equity which this Court deems appropriate; and

C. As to Count Five, that the Court: determine the parties' rights under the policy of automobile insurance sold by Defendant, Geico Secure Insurance Company, to Plaintiffs, Jason

13

M. Davis and Justin A. Davis; declare that Plaintiffs, Jason M. Davis and Justin A. Davis, are each an "insured" and are entitled to up to the limits of uninsured/underinsured motorists coverage under said policy and that all such uninsured/underinsured motorists coverages apply to each and every one of the claims set forth herein; declare that, at the time of the motor vehicle collision, Defendants, Clayton D. Smoot and/or John Doe 1, was/were the operator of an uninsured and/or underinsured motor vehicle and was/were an "uninsured motorist", as those terms are defined by the subject Geico automobile insurance policy and/or Ohio statutory and common law, including, without limitation, R.C. 3937.18(B)(1)-(5); declare that, at the time of the motor vehicle collision, Defendants, Cassens Transport Company, and/or John Doe 2, was/were the owner of an uninsured and/or underinsured motor vehicle and was/were an "uninsured motorist", as those terms are defined by the subject Geico automobile insurance policy and/or Ohio statutory and common law, including, without limitation, R.C. 3937.18(B)(1)-(5); declare that unless and until Plaintiffs, Jason M. Davis and Justin A. Davis, have been fully compensated for their injuries, Defendant, Geico Secure Insurance Company, has no right to any of the monies which Plaintiffs, Jason M. Davis and Justin A. Davis, may be entitled to recover as a result of the subject motor vehicle collision; declare that Defendant, Geico Secure Insurance Company, has no right of recovery, subrogation, and/or reimbursement against Plaintiffs, Jason M. Davis' and Justin A. Davis', non-economic damages; declare that each subrogated party and lienholder bear a proportional share of the unreimbursed expenses of this litigation plus all attorney fees and costs herein incurred; and award judgment against Defendant, Geico Secure Insurance Company, and in favor of Plaintiffs, Jason M. Davis and Justin A. Davis, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) each as

compensatory damages, plus costs, fees and all other relief at law or equity which this Court deems appropriate.

Respectfully submitted,

/s/ David M. Frissora

David M. Frissora, Esq.
Bar No. 0085181
Rachel L. Ferrara, Esq.
Bar No. 0084924
*Attorneys for Plaintiffs Jason M. Davis and Justin A. Davis*
Law Offices of Dave Frissora, LLC
4656 Executive Drive, Suite 201-B
Columbus, Ohio 43220
Telephone: (614) 286-7185;
         (614) 515-0337
Fax Number: (614) 583-3162
Email: dave@frissoralaw.com;
         rachel@frissoralaw.com

## JURY DEMAND

Pursuant to Civ.R. 38(B), Plaintiffs, Jason M. Davis and Justin A. Davis, hereby demand a trial by jury on all issues.

/s/ David M. Frissora

David M. Frissora, Esq. (0085181)
*Attorney for Plaintiffs Jason M. Davis and Justin A. Davis*

15